IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 26-cv-02733-PAB

JOHNNY ROGERS RUGELES GARAVITO,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Johnny Rogers Rugeles Garavito's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 9. Respondent filed a response to the application. Docket No. 16.

## I. Background

The petitioner is confined at an immigration detention facility in Aurora, Colorado. He alleges he was previously "released by immigration authorities under parole supervision" and that, for several years following his release, he "complied with the conditions imposed upon him, maintained a stable residence, remained available to immigration authorities, and continued participating in his immigration proceedings." Docket No. 9 at 3. The petitioner further alleges he has a pending appeal before the Board of Immigration Appeals ("BIA") that challenges the immigration judge's May 20, 2026 removal order that ordered his removal to Colombia. *Id*. at 3, 6. Thus, it appears that the petitioner is not subject to a final order of removal.

On August 28, 2026, the petitioner filed his petition, alleging that his "continued immigration detention violates the Fifth Amendment Due Process Clause." *Id.* at 3. He further claims that he does not present a danger to the community or a risk of flight and that his continued detention substantially impairs his ability to meaningfully pursue his pending BIA appeal and imposes unnecessary hardship. *Id.* at 4-6. As relief, the petitioner requests that the Court order respondent to immediately release him from custody or alternatively, to provide petitioner with an individualized bond hearing before an immigration judge within seven days. *Id*. at 9. In their response, respondent states that, "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 16 at 1.

## II. ANALYSIS

The Court considers petitioner's due process claim. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), a court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was previously released by respondent. In releasing petitioner, respondent necessarily determined that

petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar,* 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondent does not provide any indication as to why petitioner's release was revoked. Here – where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge,* 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby*, 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem,* 807

F. Supp. 3d 745, 754 (W.D. Ky. 2025). Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui,* 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate,* 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of her liberty. *See Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondent provides no argument to the contrary. Respondent also do not contend that petitioner is a flight risk or danger to the community or provide a reason for the termination of petitioner's release. The Court will grant the habeas petition and order petitioner's immediate release with the same conditions of release that were imposed during petitioner's initial release. *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5

("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination" and ordering that respondents may "not impose any additional restrictions" on petitioner) (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger" and ordering that respondents "may not impose any conditions of release or supervision that were not imposed in the original grant of parole") (internal quotation and citation omitted); *Ekenge,* 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

**III. CONCLUSION**

Therefore, it is

**ORDERED** that the petitioner Johnny Rogers Rugeles Garavito's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 9] is **GRANTED**. It is further

**ORDERED** respondent shall release petitioner from custody within **48 hours** of the issuance of this order pursuant to the conditions of petitioner's initial release. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED October 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge